[No. 17577.   Department One.   December 6, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v.
H. B. PRICE, *Appellant*.[1]

CARRIERS (2, 4)—WHO ARE COMMON CARRIERS—PERSONS AFFECTED
BY REGULATIONS. Rem. Comp. Stat., § 6390 providing that no auto
transportation company shall carry persons for hire between fixed
termini over a regular route without obtaining a license, applies
to all persons whether or not they are common carriers as that
term is technically defined, hence a person under contract to carry
mail carrying passengers and freight for hire is within the law.

SAME (2, 4). Rem. Comp. Stat., § 6390, making it a criminal
offense for an auto transportation company to carry passengers for
hire between fixed termini over a regular route without a license,
it is not required that the public service commission take any
action to determine "fixed termini" or "regular routes" in order
to make one subject to liability.

Appeal from a judgment of the superior court for
Cowlitz county, Kirby, J., entered May 8, 1922, upon
conviction of a violation of the automobile transportation act.   Affirmed.

*Jos. O'Neill,* for appellant.

*William Stuart* and *Anthony W. Dolphin,* for respondent.

MACKINTOSH, J.—Appellant was convicted of the violation of Laws of 1921, p. 338, ch. 111, § 1.   [Rem.
Comp. Stat., § 6387.]   The facts have been stipulated,
and are to the effect that the appellant was running a
motor vehicle over the county road between Castle
Rock and Toutle, Washington, and in making such
trips had accepted passengers for transportation and
received pay for carrying them; that he had not obtained from the commission a certificate of public convenience and necessity, as provided by § 4 of ch. 111,

[1]Reported in 210 Pac. 787.

Laws of 1921 [Id., § 6390], nor had the appellant procured insurance on the car that he was operating.

The appellant had a contract with the United States government to carry mail between the two points named, and in executing his contract used a passenger automobile, with which he made one daily run from Castle Rock to Toutle and return. It is a stipulated fact that he had accepted passengers and freight when there was room for them in his vehicle, and on several occasions when there was no room passengers and freight were refused. It is the appellant's contention that, under these facts, he does not come within the operation of chapter 111 for two reasons; the first being that the law applies only to common carriers operating between fixed termini; and second, that, before the act can apply to the appellant, the commission must determine, as a question of fact, that the automobile was being operated between fixed termini as a carrier.

The answer to appellant's first contention is that it is not necessary for the vehicle owner, in order for the act of 1921 to apply to him, that he be a common carrier, as that term is technically defined. The act provides that all persons who transport persons or property for compensation over any public highway between fixed termini or on a regular route must have a license, etc., and provides certain exceptions, none of which applies to the appellant. The facts show that the appellant was carrying passengers for hire, and also show that he was operating between fixed termini and on a regular route. The act plainly applies to all persons conducting such businesses as the appellant's.

In regard to the second contention of the appellant, it may be said there is nothing in the act which provides for the commission taking any action to determine "fixed termini" or "regular routes." These facts are only to be determined when an application is

made by one desiring to operate an automobile under the act. The operation of an automobile without a license is made a crime, and if it was necessary that there be some finding before prosecution, the act would be rendered ineffectual and could not serve the very salutary purposes for which it was enacted.

Judgment affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.